Good morning, Your Honors. Good morning. Frank Spalding is appearing for the petitioner, and at the outset, after the counsel submitted the subsequent case, Martinez-Rosas, I frankly do feel a bit like General Custer. Nevertheless, I shall try to describe why I believe my argument is distinct. And we have Ramirez-Perez, we have Torres-Aguilar, and we have Martinez. And this is the argument, and I think we have to look at the arguments that was advanced by the attorneys that then resulted in the decision. Essentially, they were saying, certainly in Ramirez-Perez, they said that the standard developed by the BIA was so at variance with congressional intent that that was itself a violation of due process. That was more or less the argument in Torres-Aguilar. My position is that those cases were not argued and viewed through the prism of repetitive statutory language, a Supreme Court presumption that when Congress uses a specific phrase, they intended it to have a meaning that it was employed before, and therefore, the what I think both Ramirez and Torres did was engage in Chevron deference, and that was inappropriate. That's the argument I'm trying to make. And indeed, Martinez-Rosas really is somewhat different. They tried to say, well, real ID exhumes your discretion, you know, your ability to review the discretionary decision of the IG. They weren't really looking at the standard. So that's really the distinction that I've been trying to make, is that these cases were decided under the Chevron deference, and they shouldn't have been. And it's not that the argument advanced by the Petitioners wasn't that, and so therefore, the Court was constrained to simply say. I'm not going to ask a lot of questions, but I just want to make one observation and that is, I think, is it Ramirez-Torres where we addressed this issue, and, you know, under Ninth Circuit procedure, one panel is bound by what another panel says unless there's been intervening law or unless that en banc court changes the law. Right. Although I, you know, I understand your argument, and I've seen it many times. Right. We've seen it consistently, even after Ramirez-Torres. Right. In all forms, equal protection, you know, everything. I appreciate that. And again, I do believe there's perhaps an angel's dancing on the head of a pin quality here, but there is an argument to be made when the, again, the position of the Petitioners is the motive force for the result of the decision, and when you're making a different argument, again, I don't think the Petitioners argued that this should not have been Chevron deference. What they said was it's so wild, you know, it's kind of a vaporous argument they made, that the standard is so clearly at variance that that creates a due process violation, and the Court said, well, no. But, I mean, I think when there's a slightly different argument advanced, it's not that it's pending on us. I do believe there's some wiggle room here to say that the Court could say Chevron deference isn't proper in this case and come up with a result different than Ramirez-Perez. And that's sort of my argument. I'd reserve a little bit of time. Thank you. Good afternoon, Your Honors. It is. It is. Just barely. I had to check. May it please the Court. My name is Melissa Nyman-Kelting, and I represent the Attorney General. Just a couple points to go back to Petitioner's argument where he's framing it now, if I understand correctly, looking at the argument the Petitioners made below, saying, well, here now real ID allows us to look at questions of law, where before they had to couch it in due process terms in order to get around the jurisdictional bar. In this case, even looking at it purely as it is a question of law, the government's decision is that it does not have any merit and the Court can still dismiss this case for lack of jurisdiction. The Court in Ramirez-Perez also took into account that the Board's interpretation of exceptional and extremely unusual hardship was a statutory construction. They looked at it in that framework, if you will. Here, Petitioner is asserting that the Board failed to take into account its prior case law regarding this specific standard. And we submit that that is not, in fact, correct. If you look at the Board's decision in Montreal at pages 60 to 62, they recognize that this exact phrase was used in their case law prior under former 1254a sub 2 regarding to criminal aliens, whether they could get relief under suspension of deportation. They looked at that case law and they said, no, this is a new context here. And that belies Petitioner's argument that there's no textual support for the Board's interpretation. Here, the statute itself limits the hardship to the qualifying relative. All of the cases that preceded the aliens' own hardship could be taken into account. Here, we know that that's not the case any longer. Second, the legislative history clearly states that it has to be in truly exceptional cases. So we submit that the context here is different and, therefore, the Board was correct in its interpretation. And they even said explicitly, we're focusing solely on the language of the 1996th amendment and the legislative history, because they didn't find any guidance in their previous case law, specifically because this is a new context where it's exceptionally, extremely unusual hardship solely to the qualifying relative. If the Court would like, I can distinguish Pena-Diaz or Ching, but if the Court has no questions, I submit that the case should be dismissed. The only question I have, and it may be a minor one, but I think it's fairly significant, is given the passage of the Real ID Act, shouldn't we find at least that we have jurisdiction to hear the due process argument, but given the fact that there has been no change in the case law with regard to reviewing hardship determinations, then resolve on, with recognition of that standard of review, resolve the case on the merits so that it would be, I guess, we have jurisdiction in part, but we may still have to dismiss once we get that far. Does that make any sense? It does, Your Honor. And that's actually what the Court in Martinez-Roza said. And even reaching back, the Court in Ramirez-Perez, even before Real ID, the Court has always had jurisdiction to consider constitutional claims that were colorable if there was an actual due process violation. Because the Real ID Act, as I understand it, took away from the Petitioner the ability to make this pitch to the district court in a habeas act. That's exactly right, Your Honor. You can't do that anymore. That's exactly right. Now the Petitioner is allowed, afforded a broader opportunity before this Court in the sense that it doesn't have to couch it just in a due process framework. It can, the Petitioner can say, well, this is, and that's the case here. This is a question of law. I don't, if I'm understanding the briefs correctly, there's no due process allegation here. It's purely a statutory construction question of law. Right. And Martinez-Roza, granted, was just in the due process framework. But here I think the Court can extend the reasoning of Ramirez-Perez in this case to say that the board did not exceed its statutory authority and the standard is, is as it should be. If the Court has nothing further, thank you very much. Thank you. Have a nice flight home. Thank you. All right. You can be submitted, Your Honor. Okay. Thank you. Thank you, Your Honor. The matter will be submitted. Thank you. We appreciate your arguments. We will stand adjourned for the week. All rise.
judges: Paez, Tallman, Karlton